**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4217**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

LENORA BANKS-DAVIS, a/k/a Jacqui Banks-Davis,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:12-cr-00082-JAG-1)

Submitted: December 27, 2013    Decided: January 13, 2014

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew A. Protogyrou, PROTOGYROU & RIGNEY, P.L.C., Norfolk, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Michael R. Gill, Dominick S. Gerace, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lenora Banks-Davis was convicted following a jury trial of bank fraud, in violation of 18 U.S.C. § 1344 (2012) (Count One), and unauthorized use of an access device, in violation of 18 U.S.C. § 1029(a)(5), (c)(1)(A)(ii) (2012) (Count Two). The district court sentenced Banks-Davis to 120 months' imprisonment on each count, to run concurrently, and ordered restitution in the amount of $10,912.56. On appeal, counsel challenges the sufficiency of the evidence presented in support of the convictions, contending that the government failed to prove that Banks-Davis acted with the requisite intent to defraud. Banks-Davis has moved to file a pro se supplemental brief, which raises additional issues. We affirm.

We review de novo the sufficiency of the evidence supporting a conviction. United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013). In assessing evidentiary sufficiency, we must determine whether, viewing the evidence in the light most favorable to the government and accepting the factfinder's determinations of credibility, the verdict is supported by substantial evidence — that is, "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted). "A defendant bringing

2

a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." United States v. Engle, 676 F.3d 405, 419 (4th Cir.) (internal quotation marks and citations omitted), cert. denied, 133 S. Ct. 179 (2012).

As to Count One, bank fraud, the statute under which Banks-Davis was convicted proscribes "knowingly execut[ing] . . . a scheme or artifice: (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds . . . or other property owned by . . . a financial institution, by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1344. Although "[t]he two subsections contained in § 1344 proscribe slightly different conduct, . . . a person may commit bank fraud by violating either subsection." United States v. Brandon, 298 F.3d 307, 311 (4th Cir. 2002). "The 'scheme to defraud' clause of Section 1344(1) is to be interpreted broadly, and requires that the defendant act with the specific intent to deceive or cheat, for the purpose of getting financial gain for one's self or causing financial loss to another." Id. (internal quotation marks, citations, and alterations omitted). To prove Count Two, unauthorized use of an access device, the government must establish that the defendant "knowingly and with intent to defraud effect[ed] transactions, with [one] or more access devices issued to

3

another person . . . , to receive payment" equal to or greater than $1,000 within a one-year period. 18 U.S.C. § 1029(a)(5). Thus, both the bank fraud statute and the unauthorized use of an access device statute have as an element the specific intent to defraud.

"[A] conviction under § 1344 is not supportable by evidence merely that some person other than a federally insured financial institution was defrauded in a way that happened to involve banking, without evidence that such an institution was an intended victim." Brandon, 298 F.3d at 311 (internal quotation marks omitted). "However, the bank need not be the immediate victim of the fraudulent scheme, and the victim bank need not have suffered an actual loss." Id. at 312 (citations and internal quotation marks omitted). Rather, the government satisfies the intent element with proof that "a financial institution was exposed to an actual or potential risk of loss." Id. (internal quotation marks and alterations omitted).

Banks-Davis challenges both convictions by arguing that the government failed to establish that she lacked the authority to use Banks-Davis' credit card. Upon careful review of the record, however, we conclude that the evidence establishes that Banks-Davis acted with the requisite fraudulent intent to support her convictions. Banks-Davis obtained a credit card in the victim's name under the pretense that she

4

would use the card to consolidate certain of the victim's bills, but instead she used the card for her own personal expenses. In total, Banks-Davis incurred nearly $11,000 in unpaid charges that were not authorized by the victim, thereby exposing BB&T to this risk of loss. Moreover, evidence presented at trial establishes that Banks-Davis knew that she was not authorized to use the victim's credit card for her own personal expenses.

Banks-Davis has filed a motion to submit a supplemental pro se brief, in which she raises additional challenges to her convictions. Although we grant the motion to file the supplemental brief, we have assessed the claims raised therein and conclude that they lack merit. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED